UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH SLOVINEC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-cv-2035 (TSC) |
| | ) | |
| GEORGETOWN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's "Motion for Relief Under Rules 59 and 60 or Equivalent Relief" (ECF No. 27), which Defendant has opposed (ECF No. 28). Plaintiff seeks relief from the July 31, 2017 Order (ECF No. 24), which dismissed this case for failure to state a claim. (*See* Mem. Op., ECF No. 25). For the following reasons, Plaintiff's motion will be denied.

Because the instant motion is timely under Rule 59(e), it will not be considered under Rule 60(b) as well. *See Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011) ("A motion to reconsider a final order is generally treated as a Rule 59(e) motion if it is filed within the filing time limit set forth in that rule [28 days after entry of judgment][,] and as a Rule 60(b) motion if it is filed thereafter."). A court may exercise its discretion to grant a Rule 59(e) motion upon finding that "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661,

1

671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation and internal quotation marks omitted).  Nor is it a vehicle to raise new issues or to present new theories or arguments that could have been advanced during the course of litigation.  *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (citing *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004)).  The party seeking relief from a final order or judgment bears the burden of proving his entitlement to relief.  *See Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011) (citing cases).

　　　　Plaintiff's motion is painfully difficult to follow, which alone warrants its denial.  Nevertheless, Plaintiff mentions "mistake or neglect," advances puzzling arguments about constitutional due process, and cites *Goldberg v. Kelly*, 397 U.S. 254 (1970).  (*See* Mot. at 2).  Because Plaintiff raised, or could have raised, the same arguments during the course of litigation, he is not entitled to relief based on the initial motion.  In a subsequent filing, Plaintiff claims: "Newly Discovered Evidence in June 2017 Revised Georgetown Free Speech Policy Justifies New Motions under Rule 59 and 60" (ECF No. 31).  But Plaintiff acknowledges that the policy is dated June 8, 2017, which is well before the dismissal of this case on July 31, 2017.  And "[e]ven if evidence is 'newly raised,' it is not considered 'new' evidence if it was 'previously available.' " *Olson v. Clinton*, 630 F. Supp. 2d 61, 63 (D.D.C. 2009) (citing *Schoenbohm v. FCC*, 204 F.3d 243, 250 (D.C. Cir. 2000), quoting *ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 283 (1987)).  Apart from that, Plaintiff has not

explained in any discernible manner how the policy is relevant to the decided issues, and "[n]ot just any new evidence . . .requires relief[.]" *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 371 (D.C. Cir. 1981).

Accordingly, it is

ORDERED that Plaintiff's Rule 59 Motion for Relief is DENIED, and the proceedings in this court are concluded.  The deputy clerk shall transmit this order promptly to the Court of Appeals.

Date:  October 4, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge